UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

MARGIE CHASSMAN,

        *Plaintiff*,

  -against-

ROBERT SHIPLEY,

        *Defendant.*

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-12-16

15 Civ. 5228 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

    In August 2008, Defendant Robert Shipley loaned Plaintiff Margie Chassman $600,000 in exchange for a promissory note (the "Note") that obligated Plaintiff to repay the principal plus interest by November 2008. The Note required that Plaintiff use the funds to buy preferred stock in MedaSorb Technologies and permitted her to use the shares as repayment before the maturity date. In September 2008, Plaintiff assigned the MedaSorb shares to Defendant. She has not made any other payment on the loan.

    Seven years later, Plaintiff sued. She alleges that the MedaSorb shares had a market value of over $3 million when they became free-trading in October 2009. Since that is five times the value of the initial loan, Plaintiff claims that a clause in the Note barring receipt of usurious interest was triggered, and so Defendant must refund the excess value.

    Defendant moves for summary judgment, pursuant to Fed. R. Civ. P. 56. The Court holds that the claim is untimely since it is subject to a one-year limitations period for an action to "recover any overcharge of interest." N.Y. C.P.L.R. § 215(6). The motion for summary judgment is GRANTED.

1

## BACKGROUND

The parties entered into the loan agreement and Note on August 21 or 22, 2008. Def. 56.1 Stmt., Dkt. 26 ¶ 5. Soon after, Defendant wired $600,000 to Plaintiff. *Id.* ¶ 15. The Note was at an annual interest rate of ten percent and required repayment of the principal plus accrued interest by November 21, 2008. Promissory Note, Dkt. 1-1 ¶ 1. The Note required Plaintiff to use the funds to buy $600,000 of MedaSorb Convertible Preferred Stock in a private offering; and allowed Plaintiff to "repay the principal of this Note, in whole but not in part, by delivering to [Defendant], at any time on or before the Maturity Date, the Preferred Shares, together with a cash payment equal to the interest accrued." *Id.* ¶ 4. Further, the Note contains a "Usury Laws" provision, which states:

> If at any time any interest contracted for, charged or received under this Note or otherwise in connection with this Note would be usurious under applicable law, then regardless of the provisions of this Note or any action or event (including, without limitation, prepayment of principal hereunder or acceleration of maturity) which may occur with respect to this Note, it is agreed that all sums that would otherwise be usurious shall be immediately credited as a payment of principal hereunder, or if this Note has already been paid, immediately refunded to [Plaintiff].

*Id.* ¶ 12. Finally, the Note has a New York choice of law provision. *Id.* ¶ 11.

On September 12, 2008, Plaintiff assigned to Defendant 3,986,429 five-year warrants in MedaSorb. Def. 56.1 Stmt. ¶ 17. The assignment states that the warrants are "subject to a one-year lock-up during which they cannot be transferred or assigned," so the shares become "effective (free-trading) August 22, 2009." Assignment of Warrants, Dkt. 1-1 at 14. Plaintiff did not make any cash payments to Defendant by the November 21, 2008 maturity date, or any time thereafter. Def. 56.1 Stmt. ¶ 20.

Plaintiff brought this action in New York Supreme Court on June 15, 2015, and Defendant removed to this Court on July 6, 2015. Dkt. 1. Plaintiff alleges that in October 2009,

the MedaSorb shares held by Defendant had a market value of over $3 million. Compl. ¶ 16. Plaintiff claims that since "[t]he fair market value of the Preferred Shares, charged and received by [Defendant] in October 2009 greatly exceeded (*i.e.*, by more than 500%) the balance of principal owned on the $600,000 loan, . . . [Defendant] thereby received sums that would otherwise be usurious interest under the applicable 25% New York criminal usury rate (Penal Law § 190.40)."[1] *Id.* ¶ 18. As a result, Plaintiff alleges, Defendant breached the Note's Usury Laws provision "by failing to refund to plaintiff the value of the securities taken, which exceeded the remaining balance of the $600,000 principal plus accrued interest at the applicable New York criminal usury rate of 25% per annum." *Id.* ¶¶ 19, 20. She claims that the present value of the shares is over $9 million, and seeks at least that much in damages. *Id.* ¶ 24.

Defendant moves for summary judgment. He argues that the claim is barred by either the one-year limitations period for a claim on an overcharge of interest or the six-year limitations period for breach of contract. He also asserts that the claim fails on the merits.

### DISCUSSION

**I.   Applicable Law**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court "resolve[s] all ambiguities and draw[s] all reasonable inferences in the light most favorable to the nonmoving party." *Summa v. Hofstra Univ.*, 708 F.3d 115, 123 (2d Cir. 2013). The Court grants summary judgment only where "the record taken as a whole

---

[1] N.Y. Penal Law § 190.40 provides: "A person is guilty of criminal usury in the second degree when, not being authorized or permitted by law to do so, he knowingly charges, takes or receives any money or other property as interest on the loan or forbearance of any money or other property, at a rate exceeding twenty-five per centum per annum or the equivalent rate for a longer or shorter period."

could not lead a rational trier of fact to find for the non-moving party." *Smith v. Cty. of Suffolk*, 776 F.3d 114, 121 (2d Cir. 2015).

Pursuant to N.Y. C.P.L.R. § 215(6), a one-year limitations period applies to "[a]n action to recover any overcharge of interest or to enforce a penalty for such overcharge." Section 215(6) applies to any claim of "monetary charge in excess of the proper, legal or agreed rate or amount." *Siradas v. Chase Lincoln First Bank, N.A.*, No. 98 cv 4028 (RCC), 1999 WL 787658, at *6 (S.D.N.Y. Sept. 30, 1999) (quoting *Rubin v. City Nat'l Bank and Trust Co.*, 131 A.D.2d 150, 152 (N.Y. App. Div. 3d Dep't 1987)). As such, the one-year period applies even if the alleged overcharge is "contractual rather than statutory." *Id.* at *7. "[T]he limitations period begins running upon the date payment is made or property is delivered pursuant to the usurious transaction." *Mill St. Realty, Inc. v. Reineke*, 159 A.D.2d 494 (N.Y. App. Div. 2d Dep't 1990).

## II. Analysis

The Court concludes that Plaintiff's claim is subject to § 215(6). Plaintiff's theory of liability is that Defendant's retention of the high-value MedaSorb shares had the effect of charging Plaintiff a usurious interest rate, in violation of the Note's Usury Laws provision. That is a claim to recover an overcharge of interest. To avoid that conclusion, Plaintiff now asserts that she is not seeking an overcharge of *interest*, but rather an overcharge of *principal*. Pl. Opp. Mem., Dkt. 29 at 7. But the Note's Usury Laws provision, on which Plaintiff hangs her hat, is clear—it triggers when "any *interest* contracted for, charged or received under this Note or otherwise in connection with this Note would be usurious under applicable law." Promissory Note ¶ 12 (emphasis added). The claim necessarily alleges an overcharge of interest.

Plaintiff also argues that her claim is subject to the six-year limitations period for breach of contract because she alleges a breach of a Note provision. But § 215(6) applies for any claim

alleging an overcharge of interest, regardless of whether the claim is contractual or statutory. *Siradas*, 1999 WL 787658, at *7. The one-year limitations period applies.

The parties dispute whether the limitations period runs from September 2008 (when Plaintiff assigned the MedaSorb shares) or October 2009 (when the shares became free-trading). That dispute is immaterial, however, because either way the action was brought far more than one year after the accrual date. The motion for summary judgment is GRANTED.

## CONCLUSION

The Court GRANTS Defendant's motion for summary judgment. The Clerk is directed to enter judgment for Defendant and terminate 15 cv 5228.

Dated: New York, New York
      April 12, 2016

SO ORDERED

*Paul Crotty*
PAUL A. CROTTY
United States District Judge